## STATE v. BECKHAM.

If a person assaulted, being himself without fault, reasonably apprehends death or great bodily harm to himself unless he kills the assailant, the killing is justifiable; but one cannot claim the privilege allowed by law of taking human life, unless the testimony show that he was entirely without fault in bringing about the difficulty.

Before WITHERSPOON, J., York, June, 1885.

The opinion fully states the case.

*Messrs. Hart & Hart*, for appellant.

*Mr. Solicitor McDonald*, contra.

February 25, 1886.    The opinion of the court was delivered by

MR. JUSTICE McIVER.    Under an indictment for murder the defendant was convicted of manslaughter. The counsel for defendant requested the Circuit Judge, amongst other things, to charge as follows: "That if the jury believe that the accused and others were in mutual combat, and the accused was attempting to withdraw, although he may have been in some fault in the first instance, but with no intent to commit a felony, and was followed and assaulted so dangerously as that escape was extremely hazardous, and he slew his assailant, it is excusable." The judge says that he refused to charge as thus requested: "As I thought that the law with reference to the right of self-defence, applicable to the case, had been sufficiently charged and explained to the jury."

The charge, as represented in the "Case," so far as this particular point was concerned, was as follows: "I charged the jury

that the right of self-defence was recognized and allowed by law under the plea of necessity; that the law was jealous of human life; and that before a defendant can claim the high privilege allowed by law of taking life, he must show by the testimony, and satisfy the jury that he was entirely without fault in bringing about the difficulty; in other words, that he must come into court with clean hands." Then after laying down the rule, as settled in the case of *State* v. *McGreer* (13 *S. C.*, 464), as to who was to judge of the necessity, he proceeded as follows: "I instructed the jury that if they believed from the evidence that the circumstances were such as to justify the defendant in concluding at the time that it was necessary to fire to avoid immediate danger to his life, or to avoid great bodily harm, they should render a verdict of 'not guilty,' otherwise they should find the defendant guilty of murder or manslaughter, according to the view they should take of the testimony."

The only exception taken is in these words: "Because it was error to charge the jury that the defendant must show by the testimony that he was entirely without fault in bringing about the difficulty before he could claim the privilege allowed by law of taking human life."

We think the law was correctly expounded to the jury by his honor in his charge, and that the exception cannot be sustained. In 1 *Bish. Crim. Law*, sec. 865, that eminent author says (the italics being ours): "The rule is commonly stated in the American cases thus: If the individual assaulted, *being himself without fault*, reasonably apprehends death or great bodily harm to himself, unless he kills the assailant, the killing is justifiable;" and in support of this doctrine he cites quite a long list of American cases. Again he says, in section 869: "But one must not have brought on himself the necessity which he sets up in his own defence." It is true that there are some authorities which seem to support the view contended for, but when closely examined it appears to us that they go no further than to show that if the first combat, brought on by the accused, has terminated by his retiring therefrom, and a fresh assault is commenced by his adversary, that then the accused may, in defence of his life, or

to protect his person from great bodily harm, take the life of his adversary.

But whether this be so or not, it seems to us that the rule, as stated by Bishop above, is best supported by reason as well as by authority. All the authorities agree that the right of self-defence rests upon necessity, and if the necessity is created by the accused himself, arises from his own fault, he cannot plead such necessity as an excuse for so grave an act as that of taking human life. Where one, without legal excuse, commences a combat, and finding himself getting the worst of the fight, undertakes to withdraw, but his adversary presses him so closely that he finds it necessary for his own protection to take the life of his adversary, he cannot avail himself of the plea of self-defence, for that would be allowing him to take advantage of his own wrong. His life would not have been endangered but for his own fault in bringing on the contest, and it cannot be said, in such a case, that there was any legal necessity for taking life.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.